933 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert F. MAYVILLE, Petitioner-Appellant,
v.
Norris W. McMACKIN, Supt., Respondent-Appellee.
 No. 90-4096.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1991.
 
 1
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner was found guilty by a jury of one count of conspiracy to commit aggravated murder in violation of O.R.C. Sec. 2923.01 and sentenced to a term of imprisonment from seven to twenty-five years. He exhausted his state court remedies.
 
 
 4
 In his habeas corpus petition, he argued that there was insufficient evidence presented at trial in that the prosecution failed to prove a substantial overt act occurring subsequent to the conspiratorial agreement as required for conviction under O.R.C. Sec. 2923.01. Petitioner also argued that he was denied his right to a fair and impartial trial by the trial court allowing police Detective Crawford to testify that petitioner's body language during interrogation showed signs of deception. The magistrate entered a report and recommendation finding that the acts asserted by the prosecution were overt acts subsequent to the formation of the conspiracy and that the admittance of the testimony of Crawford was harmless beyond a reasonable doubt in light of the evidence submitted at petitioner's trial. Petitioner objected. The district court, after de novo review, entered an order adopting the magistrate's report and recommendation and dismissing the habeas corpus action. Petitioner appealed.
 
 
 5
 In his appellate brief, petitioner again argues that sufficient proof was not submitted to prove a substantial overt act in furtherance of the conspiracy to commit aggravated murder. He further argues that the admittance of Crawford's testimony regarding "body language" of the petitioner violated his constitutional rights.
 
 
 6
 An appellate court renders de novo review of a habeas corpus proceeding in the district court to determine whether the petitioner received a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). A petitioner is entitled to habeas corpus relief if it is found that upon the record adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979). Upon careful review of the record, this court determines that habeas corpus relief was properly denied.
 
 
 7
 Accordingly, it is ORDERED that the decision dismissing the habeas corpus action be affirmed for the reasons stated in the district court's order filed November 9, 1990, adopting the magistrate's report and recommendation. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation